## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

ERIKA LINNAN,

       PLAINTIFF,

v.                             CIVIL ACTION NO.:

COX COMMUNICATIONS GULF COAST LLC,

       DEFENDANT.

_____/

## COMPLAINT

Plaintiff, ERIKA LINNAN, (hereinafter referred to as the "Plaintiff" or "Linnan"), by and through her undersigned attorney, sues the defendant, COX COMMUNICATIONS GULF COAST, LLC., (hereinafter referred to as the "Defendant" or "Cox"), alleges as follows:

### *JURISDICTION AND VENUE*

1.      This is an action to remedy discrimination on the basis of disability and retaliation in the terms, conditions, and privileges of Plaintiff's employment in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008 (ADAA), the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

2.      Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C.

§2000e-5(f).

3.        Declaratory, injunctive, and equitable relief is sought pursuant to 28 U. S. C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

4.        Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e-5(k), Fed. R. Civ. P. 54 and other Florida Statutes as set forth herein.

5.        This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

6.        Plaintiff has complied with all conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f) and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes. Plaintiff dual filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR" No.: 201921655) and the United States Equal Employment Opportunity Commission ("EEOC" No.: 15D202000174) on September 17, 2019. On May 13, 2020, more than 180 days since Plaintiff's charge was filed, the FCHR had not concluded its investigation or made a determination pursuant to Fla. Stat. § 760.11(3). Plaintiff thereafter requested her 90 day Notice of Right to Sue letter from the EEOC which was received on August 21, 2020.

## *PARTIES*

7.      Plaintiff is a Caucasian female and a citizen of the State of Florida, Okaloosa County and who resides in Crestview, Florida. She was employed by Defendant from June 2011, until August 25, 2019.

8.      Defendant, Cox Communication ("Cox"), is a communications and entertainment company that provides internet, telephone, and home security services to residential customers across the United States.

9.      Defendant is an employer within the meaning of the ADA, ADAA, and the Florida Civil Rights Act as it employs in excess of twenty (15) employees.

## *FACTS*

10.      Plaintiff is a thirty-seven (37) year old Caucasian female.

11.      Defendant is an employer within the meaning of the ADA, ADAA, and the Florida Civil Rights Act as it employs in excess of twenty (15) employees.

12.      Plaintiff began her employment with Defendant, on or about June 8, 2011, as an Inbound Sales Rep I in Defendant's Call Center.

13.      Plaintiff was promoted to Supervisor of Inbound Sales on September 28, 2013.

14.      On April 12, 2014, Plaintiff transferred to a role in Cox Business where she was an Inside Sales Rep.

15.     On March 28, 2015, Plaintiff was promoted to a Retail Store Manger II ("SMII"), over the Pensacola, Bayou Blvd. store.

16.     The SMII role is responsible for managing all store operations for two Cox Owned Retail Stores including a team of sales and sales support employees. This role pro-actively monitors store revenues, store operational

17.     Within about a year Plaintiff was moved to cover 3 retail stores, West Pensacola, Crestview, and Destin.

18.     Plaintiff was advised by both Christine "Chris" Six (Regional Manager) and Brian Jones that the West Pensacola and Destin stores were doing so poorly they were on the list as possible stores to be closed.

19.     Plaintiff was able to get the stores and the teams to produce and to have the stores removed from closure list.

20.     During Plaintiff's employment with Defendant, she performed the duties and responsibilities of a SMII in a satisfactory manner. Throughout Plaintiff's time as a Retail Store manager for Cox, she was given a number of awards, including, Winner's Circle, Torch Award, Homerun Award, NPS, and Homelife Champion to name a few.

21.     On March 15, 2019, Plaintiff suffered a medical emergency while at work that required her to be transported by ambulance to a local hospital.

22.     Pseudotumor cerebri occurs when the pressure inside a persons skull

(intracranial pressure) increases for no obvious reason. It's also called idiopathic intracranial hypertension.

23.     Pseudotumor cerebri symptoms mimic those of a brain tumor and often include: severe headaches that might originate behind your eyes; a whooshing sound in your head that pulses with your heartbeat; nausea, vomiting or dizziness; vision loss; brief episodes of blindness, lasting a few seconds and affecting one or both eyes; difficulty seeing to the side; double vision; seeing light flashes; neck, shoulder or back pain.

24.     Defendant had knowledge of Plaintiff's disability, when she was taken to the hospital March 15, 2019.

    A.    Defendant was aware of Plaintiff's disability.

    B.    Plaintiff is a qualified individual with a disability:

        (i)    she had a physical impairment that substantially limited one or more major life activities: Plaintiff suffered from mobility, vision, fatigue;

        (ii)   Plaintiff was under the treatment of a doctor for the care and treatment of her physical disabilities.

        (iii)  she has a record of such impairment; and,

        (iv)  she was regarded (perceived or otherwise) by Defendant as having such impairments.

19.    Plaintiff's disabilities substantially affected one or more major life activity such as concentration and mobility.

20.    Plaintiff had the ability to perform the essential functions of her

position as a SMII and could have done so with or without an accommodation had Defendant allowed her to return to her position as a SMII.

21.    On March 25, 2019, Plaintiff was denied light duty work after notifying Defendant of her light duty restrictions and was placed on FMLA leave.

22.    Plaintiff could perform the duties necessary for her position other than slight lifting restrictions instructed by her physician.

23.    On June 13, 2019, Plaintiff submitted a revised return to work document, with the only restriction being that she could not perform heavy lifting.

24.    Again, Defendant denied Plaintiff's request to return to work and refused to grant her, a SMII, the reasonable accommodation of restricted heavy lifting.

25.    On July 17, 2019, Plaintiff returned to work.

26.    Upon Plaintiff's arrival back to work, she immediately started to receive retaliatory threats and was notified by her co-workers that while she was out on medical leave Ms. Six came into the store offices the last week of June to inform everyone that Plaintiff was no longer the store manager.

27.    Prior to Plaintiff returning to work, she was never formally informed that she was not the store manager.

28.    The same week that Plaintiff returned to work, she was placed on an employee corrective action plan.

29.     Ms. Six then informed employees and team members that if Plaintiff were to come into the store to be nice to her but that she was not allowed in the back. Ms. Six also told the staff that if Plaintiff were to come back it would not be in the position of store manager for Crestview and Destin store locations. Ms. Six also told two staff members to clean out Plaintiff's office.

30.      Ms. Six further informed these employees and team members that Plaintiff was not her choice, that she inherited her and just needed enough complaints to get her out, so Ms. Six required that if any team members had any kind of issue with Plaintiff that they were to immediately file a complaint against her.

31.     Ms. Six also discussed Plaintiff personal medical information with these employees and team members and informed them that Plaintiff was not fit to return to work and was being investigated for falsification of medical records and releases to return to work.

32.     Ms. Six's discriminatory and retaliatory actions towards Plaintiff resulted in a toxic working environment wherein Plaintiff's ability to perform her duties and responsibilities were being directly undermined by Ms. Six actions.

33.     Plaintiff reported Ms. Six's actions to Defendant's HR department and asked for help and support against the retaliatory and hostile work environment.

34.     Plaintiff's complaints went unanswered by HR and thus MS. Six's treatment of Plaintiff continued with more false accusations and complaints with the intent to terminate Plaintiff or make her quit.

35.     On August 11, 2019, due to the continued workplace discrimination, harassment and retaliation, Plaintiff was forced to resign from her position as a SMII with Defendant.

## FIRST CAUSE OF ACTION
### *(DISABILITY DISCRIMINATION - AMERICANS WITH DISABILITIES ACT, (ADA), AND AMERICANS WITH DISABILITIES ACT AMENDMENTS (ADAA))*

36.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 35 of this complaint with the same force and effect as if set forth herein.

37.     This is an action to remedy discrimination on the basis of Plaintiff's disability, perceived or otherwise, in the terms, conditions, and privileges of his employment with Defendant in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

38.     At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

39.     At all times material hereto, Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, as the Defendant employed more than 15 employees.

40.     Any possible assertion that there was a viable business justification for the treatment of Plaintiff that lead to her resignation, is entirely *pretextual* for Defendant's retaliation and discrimination against her for engaging in a protective activity and for any actual or perceived disability.

41.     The adverse personnel action, the constructive termination of Plaintiff's employment,  clearly violated Plaintiff's right under the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the ADAA.

42.      As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that she has lost wages, associated job benefits; and in addition, she has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory discharge from Defendant's employment.

43.     As a result of the wrongful and unlawful retaliatory actions that lead to her discharge from Defendant's employment, Plaintiff has been

experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

44.     Plaintiff has retained the undersigned attorney to assist her, in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee for his professional services.

45.     Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

SECOND CAUSE OF ACTION
*(DISABILITY RETALIATION - AMERICANS WITH DISABILITIES ACT, (ADA), 42 U.S.C. §§ 12111-12117, 12203; THE AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 (ADAA))*

46.      Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 35 of this complaint with the same force and effect as if set forth herein.

47.     This is an action to remedy discrimination on the basis of Plaintiff's disability, perceived or otherwise, in the terms, conditions, and privileges of her employment with Defendant in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

48.     At all times material hereto, Plaintiff was an employee of

Defendant within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

49.     At all times material hereto, Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, as the Defendant employed more than 15 employees.

50.     Any possible assertion that there was a viable business justification for the treatment of Plaintiff that lead to her resignation, is entirely *pretextual* for Defendant's retaliation and discrimination against her for engaging in a protective activity and for any actual or perceived disability.

51.     The adverse personnel action, the constructive termination of Plaintiff's employment,  clearly violated Plaintiff's right under the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the ADAA.

52.     As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that she has lost wages, associated job benefits; and in addition, she has sustained compensatory damages, based upon emotional distress, associated with the

wrongful, unlawful and retaliatory demotion that lead to her discharge from Defendant's employment.

53.       As a result of the wrongful and unlawful retaliatory actions that lead to her discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

54.       Plaintiff has retained the undersigned attorney to assist her, in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee for his professional services.

55.       Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

### THIRD CAUSE OF ACTION
*(DISABILITY DISCRIMINATION - FLORIDA CIVIL RIGHTS ACT OF 1992, AS AMENDED, CHAPTER 760 ET SEQ., FLORIDA STATUTES)*

56.       Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 35 of this complaint with the same force and effect as if set forth herein.

57.       Defendant discriminated against Plaintiff on the basis of her disability, perceived or otherwise, in the terms, conditions, and privileges of

Plaintiff's denied employment in violation of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

58.     At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

59.     At all times material hereto, Defendant was an employer within the meaning of Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, as the Defendant employed more than 15 employees.

60.     Any possible assertion that there was a viable business justification for the treatment of Plaintiff that lead to her resignation, is entirely *pretextual* for Defendant's retaliation and discrimination against her for engaging in a protective activity and for any actual or perceived disability.

61.     The adverse personnel action, the constructive termination of Plaintiff's employment, clearly violated Plaintiff's right under the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

62.     As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that she has lost wages, associated job benefits; and in addition, she has sustained compensatory damages, based upon emotional distress, associated with the

wrongful, unlawful and discriminatory termination that lead to her discharge from Defendant's employment.

63.     As a result of Defendant's wrongful and unlawful discriminatory acts  against Plaintiff that lead to her discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

64.     Plaintiff has retained the undersigned attorney to assist her, in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee for his professional services.

65.     Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

## FOURTH CAUSE OF ACTION
*(DISABILITY RETALIATION - FLORIDA CIVIL RIGHTS ACT OF 1992, AS AMENDED, CHAPTER 760 ET SEQ., FLORIDA STATUTES)*

66.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 35 of this complaint with the same force and effect as if set forth herein.

67.     This is an action to remedy retaliation by the Defendant in

14

violation of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

68.     At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

69.     At all times material hereto, Defendant was an employer within the meaning of Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, as the Defendant employed more than 15 employees.

70.     Any possible assertion that there was a viable business justification for the treatment of Plaintiff that lead to her resignation, is entirely *pretextual* for Defendant's retaliation against her for engaging in a protective activity and for any actual or perceived disability.

71.     The adverse personnel action, the constructive termination of Plaintiff's employment, clearly violated Plaintiff's right under the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the ADAA.

72.     As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that she has lost wages, associated job benefits; and in addition, she has sustained

compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to her discharge from Defendant's employment.

73. As a result of the Defendant's wrongful and unlawful retaliatory actions that lead to her discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

74. Plaintiff has retained the undersigned attorney to assist her, in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee for his professional services.

*75.* Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

## *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a. Declaring the acts and practices complained of herein are violation of the ADA, ADAA and Florida Civil Rights Act (FCRA);

b.      Enjoining and permanently restraining those violations of the ADA, ADAA and Florida Civil Rights Act (FCRA);

c.      Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d.      Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her and make her whole for all earnings she would have received but for Defendant's discriminatory treatment, including but not limited to, wages (past and future), pension, and other lost benefits.

    i.      Awarding Plaintiff Front Pay in lieu of reinstatement;

    ii.     Awarding Plaintiff compensatory damages;

    iii.    Awarding Plaintiff liquidated damages;

    iv.     Awarding Plaintiff the costs of this action together with a reasonable attorney's fees; and,

e.      Granting such other and further relief as the Court deems just and proper in the premises.

## DEMAND FOR JURY TRIAL

        Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

Dated: November 11, 2020.         By: */s/ Clayton M. Connors*
                                  CLAYTON M. CONNORS
                                  Florida Bar No.: 0095553
                                  Email: cmc@westconlaw.com
                                  **WESTBERRY & CONNORS, LLC.**
                                  4400 Bayou Blvd., Suite 32A
                                  Pensacola, Florida 32503
                                  Tel:  (850) 473-0401
                                  Fax: (850) 473-1388
                                  Attorney for the Plaintiff